IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| BRANDON VINYARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-05011-CV-SW-WBG ) |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING THE ACTING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff Brandon Vinyard's appeal of Defendant Acting Commissioner of Social Security's final decision denying his applications for disability benefits and supplemental security income. After carefully reviewing the record and the parties' arguments, the Acting Commissioner's decision is **AFFIRMED**.

### I. BACKGROUND

Plaintiff was born in 1984 and has a high school diploma. R. at 24, 49-50, 192, 194, 288-89. In February 2018, Plaintiff protectively applied for disability insurance benefits and supplemental security income, alleging a disability onset date of January 13, 2017. R. at 13, 192-201. His applications were denied, and he requested a hearing before an administrative law judge ("ALJ"). R. at 134-38, 140-41.

In February 2020, ALJ David Page conducted a video hearing. R. at 42-75. Thereafter, on June 3, 2020, the ALJ issued his decision. R. at 13-25. He found Plaintiff's severe impairments

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, who was appointed as the Acting Commissioner of the Social Security Administration, is automatically substituted as Defendant in this suit.

are "major neurocognitive disorder due to a traumatic brain injury, generalized anxiety disorder, and unspecified depression." R. at 15. The ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 16-18. He concluded Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> This individual is able to understand, remember, and perform simple and routine tasks. This individual is able to occasionally interact with supervisors and co-workers, providing there are no tandem/coordinated tasks, but should not interact with the general public. This individual can tolerate no more than occasional workplace changes (i.e. he needs to frequently remain at a single work station/location while performing the job).

R. at 18. Based upon his review of the record, the aforementioned RFC, and the hearing testimony, the ALJ determined Plaintiff can perform his past relevant work as an assembler (motor vehicle), metal spraying machine operator, and laborer (meat), and is able to work as a linen room attendant, laundry worker, and cleaner (industrial). R. at 23-25. Plaintiff unsuccessfully appealed the ALJ's decision to the Appeals Council. R. at 1-6, 189-91. He now appeals to this Court. Doc. 1.

## II.     STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). The threshold for such evidentiary sufficiency is not high. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted).

"As long as substantial evidence supports the ALJ's decision, [a reviewing court] may not reverse because substantial evidence also 'would have supported a contrary outcome, or because [the court] would have decided the case differently.'" *Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 987 (8th Cir. 2018) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)). In evaluating for substantial evidence, a court must consider evidence that supports the Acting Commissioner's decision as well as evidence that detracts from it. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (citation omitted). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions, [the court] must affirm." *See id.* (citation omitted).

## III. DISCUSSION

The sole issue before this Court is whether the ALJ's finding that Plaintiff's anxiety disorder did not meet or equal Listing 12.06 is supported by substantial evidence. *See* Doc. 20.

### A. Establishing An Impairment Meets or Equals a Listing

When determining whether a claimant is disabled, the ALJ employs a five-step process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under step three, which is relevant here, the ALJ considers the severity of the claimant's impairment and whether the impairment meets or equals a listed impairment. *Id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the ALJ finds an impairment meets or equals a listed impairment and meets the duration requirement, the ALJ will find Plaintiff disabled. *Id*.

Plaintiff has the burden of establishing his impairment meets or equals a listing and all criteria specified therein. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1358-59 (8th Cir. 2022). He "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id*. at 1359 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "An impairment

3

that manifests only some of those criteria, no matter how severely, does not qualify." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014) (internal quotations and citations omitted).

**B.     Listing 12.06**

Relevant to this appeal is Listing 12.06, which pertains to anxiety and obsessive-compulsive disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06 (2018).[2] The listing has three paragraphs, which are designated A, B, and C. *Id*. § 12.00(A)(2). A claimant's impairment under Listing 12.06 must meet the requirements of Paragraphs A <u>and</u> B, or the criteria in Paragraphs A <u>and</u> C. *Id*. Because Plaintiff limits his argument to Paragraphs A and B, the Court similarly limits its analysis. Doc. 20 at 10-17.

Paragraph A itemizes "the medical criteria that must be present in [the claimant's] medical evidence." *Id*. § 12.00(A)(2)(a). To meet the Paragraph A requirements for Listing 12.06, a claimant's anxiety disorder must be characterized by three or more of the following: restlessness, easily fatigued, difficulty concentrating, irritability, muscle tension, or sleep disturbance. § 12.06(A)(1)(a)-(f).

Paragraph B identifies the mental functioning areas that are assessed. *Id*. § 12.00(A)(2)(b). These areas are (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id*. §§ 12.00(A)(2)(b), 12.00(E)(1)-(4), 12.06(B)(1)-(4). To satisfy Paragraph B's criteria, a claimant must demonstrate "extreme limitation" of one or "marked limitation" of two mental functioning areas. *Id*. §§ 12.00(A)(2)(b), 12.00(F), 12.06(B). An extreme limitation is the inability to function "independently, appropriately, effectively, and on a sustained basis." *Id*. § 12.00(F)(2)(e); *see also* R. at 16. A marked limitation presents a "seriously limited" ability to

---

[2] Throughout this Order, the Court relies on the version of Listing 12.06 in effect when the ALJ rendered his decision.

function "independently, appropriately, effectively and on a sustained basis." *Id*. § 12.00(F)(2)(d); *see also* R. at 16.

C. **The ALJ's Listing Determination**

The ALJ considered whether Plaintiff's mental health impairments, considered singly or in combination, met or medically equaled Listing 12.06.[3] R. at 16-18. The ALJ did not address the Paragraph A criteria, ostensibly finding Plaintiff satisfied those requirements. *See id*. Neither party suggests the ALJ erred in beginning his analysis with Paragraph B. *See* Docs. 20, 25. Further, Defendant does not contend Plaintiff fails to meet Paragraph A, but instead, assumes he meets the Paragraph A requirements. Doc. 25 at 6.

Regarding Paragraph B, the ALJ discussed the four mental functioning areas at length. R. at 16-18. Plaintiff argues the ALJ erred in finding he was moderately limited in his ability to interact others, and his ability to concentrate, persist, or maintain pace. Doc. 20 at 13-17. Because Plaintiff does not allege the ALJ improperly assessed the other two mental functioning areas – i.e., adapting or managing himself, and understanding, remembering, or applying information, the Court does not address those mental functioning areas. *See id*.

**(1) Ability to Interact with Others**

The ALJ found Plaintiff is moderately limited in his ability to interact with others. R. at 17. A claimant is moderately limited if he has a "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(c). In support of his finding, the ALJ cited Plaintiff's Function Report, consultative examination reports, therapy notes, and medical records. R. at 17 (citing Ex. B5E/4-6 (R. at 251-

---

[3] The ALJ also considered whether Plaintiff's mental impairments, considered singly or in combination, met or medically equaled the severity of Listing 12.02 (neurocognitive disorders) and 12.04 (depressive, bipolar, and related disorders). R. at 16-18; 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02, 12.04 (2018). Plaintiff, however, does not argue the ALJ erred in determining he did not satisfy those listings. *See* Doc. 20.

53); Ex. B1F/4 (R. at 310); Ex. B3F (R. at 317-59); Ex. B4F/3 (R. at 362); Ex. B7F/6, 16 (R. at 404, 414); Ex. B15F/2, 6 (R. at 916, 920)). He noted Plaintiff spends time with others on a regular basis and belongs to a worship team at his church that meets at least weekly. *Id*. He observed Plaintiff can shop in stores every other day for up to an hour. *Id*. The ALJ also observed "[t]he record consistently show[ed] the claimant was cooperative with examiners." *Id*. For these reasons, the ALJ found Plaintiff's ability to interact with others is moderately limited. *Id*.

Plaintiff maintains the record demonstrates his ability to interact with others is more severe than what the ALJ found. Doc. 20 at 14-15. Among other things, he identifies difficulty interacting with his father-in-law, customers, and others, and describes an instance seven years before his alleged disability onset date where he was fired for being argumentative. *Id*. (citations omitted).[4] While the record as a whole reveals Plaintiff's ability to interact with others is limited, his ability is not as limited as he suggests. *See, e.g.*, R. at 252 (spends time with others "twice a week" socializing, playing games and music, or at church); 309 (enjoys watching movies and playing videogames with a close friend, "like[s] to be social," and plays in the church band); 310 (cooperative with clinical psychologist); 311 ("able to interact in at least minimally demanding social situations"); 323, 340, 347-56, 916, 920, (cooperative with therapist); 345 (connects with others through church and music); 362 (cooperative with consultative examiner); 404, 414 (cooperative with physicians); 409 (enjoys socialization).[5]

---

[4] Plaintiff also asserts the record documents problems with authority figures. Doc. 20 at 14. In support, he references one record where a therapist noted Plaintiff was "rethinking his level of ability to handle high pressure, problems with authority figures or those he views as authority figures." R. at 337. This record does not establish Plaintiff has problems with authority figures.

[5] Notably, Plaintiff's therapist, Stacy Bray, Psy.D., opined he is "moderately limited" in his "ability to interact appropriately with the general public" and "get along with coworkers or peers without distracting them or exhibiting behavioral extremes." R. at 316. This opinion was based on roughly nine months of therapy sessions. R. at 317-56. Although Dr. Bray's opinion was rendered before Plaintiff's alleged disability onset date, it supports the ALJ's determination that Plaintiff is moderately limited in his ability to interact with others.

This Court is not permitted to reweigh the evidence before the ALJ. *Schmitt*, 27 F.4th at 1361. If substantial evidence supports the ALJ's decision, this Court may not reverse the decision "even if inconsistent conclusions may be drawn from the evidence," or the Court "may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (citation omitted); *see also Winn*, 894 F.3d at 987. Based on its review of the record, the Court concludes the ALJ's finding that Plaintiff is moderately limited in his ability to interact with the others is supported by substantial evidence. Thus, the Court may not reverse the Acting Commissioner's decision.[6]

### (2) Ability to Concentrate, Persist, or Maintain Pace

The ALJ determined Plaintiff was moderately limited in his ability to concentrate, persist, or maintain pace. R. at 17. In reaching this conclusion, the ALJ once more relied on Plaintiff's Function Report, consultative examination reports, therapy notes, and medical records. R. at 17 (citing Ex. B5E/2-6 (R. at 249-53); Ex. B1F/1, 4-5 (R. at 307, 310-11); Ex. B3F (R. at 317-59); Ex. B4F/4 (R. at 363); Ex. B7F/6, 16 (R. at 404, 414); Ex. B9F/6 (R. at 466); B10F/5, 12, 16 (R. at 474, 481, 485); B15F (R. at 915-25)). He observed that although Plaintiff reported "difficulty with concentration," the record demonstrated his "attention and concentration are adequate." R. at 17. The ALJ noted Plaintiff can pay attention for up to 30 minutes at a time and is able to finish what he starts. *Id*. He "plays videogames and his guitar on a daily basis along with computer repair, martial arts, and learning." *Id*. And he can prepare simple meals, do household chores,

---

[6] Plaintiff's appeal disputes the ALJ's analysis of two mental functioning areas. Doc. 20 at 13-17. The Court finds the substantial evidence supports the ALJ's determination with regard to Plaintiff's ability to interact with others, and thus, it is unnecessary for the Court to consider Plaintiff's other argument. This is because Plaintiff must demonstrate he is moderately limited in two mental functioning areas, and he failed to show he is moderately limited in one of the two mental functioning areas at issue. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00(A)(2)(b), 12.00(F), 12.06(B). Nevertheless, the Court analyzes Plaintiff's argument related to his ability to concentrate, persist, and maintain pace.

take care of pets, drive or use public transportation, shop in stores or by computer, and pay bills and count change. *Id*.

Plaintiff maintains the record demonstrates his ability to concentrate, persist, or maintain pace is more limited. Doc. 20 at 15-17. He identifies, *inter alia*, instances where medical professionals found Plaintiff's attention span and concentration are suboptimal, he needs additional time to complete tasks, he has difficulty maintaining pace for simple work, and objective testing revealed an "extremely low" attention span. *Id*. (citations omitted). The record reveals Plaintiff's difficulties with concentration, persistence, or maintaining pace. *See, e.g.*, 317-53, 355-56, 400, 402, 409-10, 412, 474, 481, 916-21 (self-reported problems with concentration, paying attention, and/or focusing); 404, 414 (attention span and concentration are "suboptimal"); 902 (concentration is extremely limited); 913 (markedly limited ability to maintain attention for extended periods of time).

However, in addition to the evidence cited by the ALJ, the record also shows Plaintiff is "able to stay on track" and focused during therapy appointments. *See, e.g.*, R. at 318-22, 325, 329, 345. He admittedly "lose[s] track of time while doing [his] hobbies especially playing guitar, video games, and computer repairs." R. at 252. And medical professionals found his attention and concentration to be fair or appropriate, and opined he can concentrate and persist on easy tasks. R. at 310-11, 363.

Again, this Court is not permitted to reweigh the evidence before the ALJ. *See Schmitt*, 27 F.4th at 1361. Based on its review of the record, the Court concludes that ALJ's finding that Plaintiff is moderately limited in his ability to concentrate, persist, or maintain pace is supported by substantial evidence. Thus, the Court may not reverse the Acting Commissioner's decision. *See McNamara*, 590 F.3d at 610.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the Acting Commissioner's decision is supported by substantial evidence in the record as a whole. Accordingly, the Acting Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATE: September 26, 2022                     */s/ W. Brian Gaddy*
                                             W. BRIAN GADDY
                                             UNITED STATES MAGISTRATE JUDGE